# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| KELSEY NOBACH | PLAINTIFF |
| VS. | CIVIL ACTION NO. 1:11CV346-HSO-RHW |
| WOODLAND VILLAGE NURSING HOME CENTER, INC. | DEFENDANT |

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW, OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

BEFORE THE COURT is a Motion [79] for Judgment as a Matter of Law, or, in the Alternative, Motion for a New Trial, filed November 6, 2012, on behalf of Defendant Woodland Village Nursing Home Center, Inc. Plaintiff Kelsey Nobach filed Responses [85, 86], on November 20, 2012, and Defendant filed Replies [87, 88] on November 27, 2012. After consideration of the submissions, relevant legal authorities, and for the reasons discussed below, the Court finds that Defendant's Motion should be denied.

## I. FACTS AND PROCEDURAL HISTORY

This cause came before the Court on October 9 through 10, 2012, for trial before a jury. On October 10, 2012, the jury returned its unanimous verdict that Woodland Village terminated Plaintiff's employment because of her religious beliefs or practices. The jury awarded Plaintiff $55,200.00 in compensatory damages, $13,884.00 in back pay, and $500.00 in other economic losses. Form of Verdict [71], at p. 1. The Court entered a Final Judgment [75] in favor of Plaintiff on October 11,

2012. Defendant now seeks judgment as a matter of law, or, in the alternative, a new trial.

## II. DISCUSSION

A. Motion for New Trial

1. Legal Standard

Rule 59 governs the standard for granting a new trial and states in part as follows:

> The court may, on motion, grant a new trial on all or some of the issues–and to any party– . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; . . ..

FED. R. CIV. P. 59(a)(1)(A).

"A new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error." *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989) (citing *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613 (5th Cir. 1985)). When a motion for new trial is based upon errors committed during the trial, the standard requires the movant to prove that the erroneous rulings complained of substantially prejudiced the movant. *Garrison Realty, L.P. v. Fouse Architecture & Interiors, P.C.*, 2012 WL 2065531 (E.D. Tex. June 7, 2012) (citing *Cruthirds v. RCI*, 624 F.2d 632, 635 (5th Cir. 1980)).

"If the new trial is granted on evidentiary grounds, the jury's verdict must be 'against the great–not merely the greater–weight of the evidence." *Scott,* 868 F.2d

at 789 (quoting *Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 362 (5th Cir. 1980)). If asserted prejudice is the basis of the motion, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking new trial." *Sibley v. Lemarie*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distributing, Inc. v. Adolph Coors Co.,* 589 F.2d 176, 179, n.3 (5th Cir. 1979)).

    2.    Analysis

Defendant contends that a new trial is warranted based upon the following alleged errors: 1) Jury Instruction Four improperly shifted the burden of proof to Defendant; 2) improper remarks were made by counsel for Plaintiff during closing arguments; 3) the form of the verdict omitted a necessary requirement for the jury to consider regarding accommodation; 4) the damages awarded were unsupported by the evidence; and 5) the back pay awarded to Plaintiff was not reduced by the amount of unemployment benefits Plaintiff received. Mot. for Judg. as a Matter of Law, or, for New Trial [79], at p. 3.

    a.    Jury Instruction Number Four

Defendant argues that it is entitled to a new trial based upon the submission of Jury Instruction Number Four at the close of the case.[1] Defendant claims that this instruction improperly shifted the burden of proof from Plaintiff to Defendant.

---

[1]Defendant preserved this objection on the record prior to the jury being instructed. Trial Tr. [Rough], at p. 108.

*Id.*, at p. 2. Plaintiff responds that the jury was properly instructed inasmuch as they were "advised that Plaintiff must prove by preponderance of the evidence each of the three elements of her religious discrimination claim" and "correctly explained that it may infer that Nobach was terminated because of her religion, if it disbelieved Woodland Village's proffered reason." Pl.'s Resp. [86] at p. 2.

The instruction at issue reads as follows:

Plaintiff claims she was terminated because of her religious beliefs. Defendant denies Plaintiff's claims and contends Plaintiff was terminated for reasons other than her religion.

It is unlawful for an employer to discriminate against an employee because of the employee's religious beliefs.

In this case, Plaintiff must prove by a preponderance of the evidence that: 1) she had a bona fide religious belief that conflicted with an employment requirement; 2) she informed her employer of this conflicting belief; and 3) she was discharged or disciplined for failing to comply with the conflicting employment requirement.

If you disbelieve the reason(s) Defendant has given for its decision, you may infer Defendant terminated Plaintiff because of her religious beliefs.

If you find that Plaintiff has proven each of the three elements of a claim of religious discrimination by a preponderance of the evidence you must then determine if the Defendant was able to reasonably accommodate her religious beliefs without incurring undue hardship.

An employer suffers an undue hardship when required to bear a greater than *de minimis* cost or imposition upon co-workers.

Trial Tr. [Rough], at pp. 126-27, October 10, 2012; *see Jones v. Overnite Transp. Co.,* 212 F. App'x 268, at *2 (5th Cir. 2006)(citing *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)); *Portis v. First National Bank of New Albany,* 34

F.3d 325, 329 (5th Cir.1994); *Page v. U.S. Industries, Inc.*, 726 F.2d 1038, 1045 (5th Cir. 1984).

> This Court's review is guided by the following Fifth Circuit precedent:
>
> A challenge to jury instructions "must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Deines v. Tex. Dep't of Protective & Regulatory Servs.,* 164 F.3d 277, 279 (5th Cir.1999) (quoting *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1216 (5th Cir.1995)). A single inaccurate, ambiguous, or incomplete clause does not dictate reversal if the instructions as a whole properly express the law. *Vicksburg Furniture Mfg., Ltd. v. Aetna Cas. & Surety Co.,* 625 F.2d 1167, 1169 (5th Cir. Unit A 1980). Even if the challenger proves the instructions misguided the jury, we reverse only if the erroneous instruction affected the outcome of the case. *Deines,* 164 F.3d at 279.

*Thomas v. Texas Dept. of Criminal Justice*, 297 F.3d 361, 365 (5th Cir. 2002).

Defendant's chief complaint is that Jury Instruction Number Four improperly shifted the burden of proof to Defendant. Reading the entirety of the Court's instructions to the jury, the Court is of the view that they properly informed the jury as to Plaintiff's burden of proving her claims. The Court has considered the parties' arguments and finds that the jury instructions read collectively do not create a substantial doubt as to whether the jury was properly guided in its deliberations. This portion of Defendant's Motion should be denied.

    b.    <u>Improper Remarks During Closing Arguments and Form of Verdict</u>

Defendant next contends that a new trial is warranted based upon improper remarks made by counsel for Plaintiff during closing arguments, and because the form of the verdict omitted the requirement that the jury resolve the issue of undue burden in connection with reasonable accommodation.

A district court is "afforded great latitude in the framing and structure of the instructions and special interrogatories given to the jury, . . . that discretion [will not be disturbed] absent a showing of abuse of discretion." *Baisden v. I'm Ready Productions, Inc.*, 693 F.3d 491, 506 (5th Cir. 2012). Where a proper objection to a verdict form was not made, review is limited to plain error. *Jimenez v. Wood Cnty., Tex.,* 660 F.3d 841, 845 (5th Cir. 2011).

The record demonstrates that Defendant did not object during closing arguments, nor did Defendant address or object to the form of verdict as proposed or as given by the Court. Counsel for Defendant did not object at any point during Plaintiff's closing arguments. Nor does Defendant's Motion identify the purportedly "improper comments" made by Plaintiff's counsel. This portion of Defendant's Motion is not well taken and should be denied. To the extent that the verdict form contained any errors, this would warrant a new trial only if such errors were clear and obvious and affected Defendant's substantial rights. The Court has reviewed the record and does not find the presence of plain error in the form of verdict as given.

  c. <u>Damages and Unemployment Benefits</u>

Defendant contends that it is entitled to a credit or an offset in the amount of back pay awarded to Plaintiff equal to the amount of unemployment benefits she received after she was terminated. Def.'s Mot. [79] at p. 3. At the outset, the Court notes that this issue is before the Court for the first time and was not raised by Defendant until the filing of this Motion. A Rule 59(e) motion "is not the proper

vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir.1990). Defendant did not raise this issue at any point during the trial. Defendant has therefore waived this issue.

Even in the absence of waiver, Defendant's argument would not succeed on its merits. No evidence has been submitted or even proffered as to the amount of any offset for unemployment benefits received by Plaintiff. With respect to Defendant's argument that the damages awarded were not supported by the evidence, Plaintiff presented evidence that she experienced lost wages in the amount of $14,000.00, Trial Tr. [Rough], at p. 77, and $443.78 in mileage expenses incurred in seeking new employment, Trial Tr. [Rough], at 78. Plaintiff further presented testimony on the subject of her emotional distress.

The Court is of the opinion that the verdict in this case was not against the great weight of the evidence; Defendant's request for a new trial should be denied. *See Conway v. Chem. Leaman Tank Lines, Inc.*, 610 F.2d 360, 363 (5th Cir. 1980).

B.  Motion for Judgment as a Matter of Law

   1.  Legal Standard

Defendant moves the Court for judgment as a matter of law pursuant to FED. R. CIV. P. 50.[2] "A motion for judgment as a matter of law . . . in an action tried by jury is a challenge to the legal sufficiency of the evidence supporting the jury's

---

[2] Defendant moved for judgment as a matter of law at the close of its case-in-chief pursuant to FED. R. CIV. P. 50.

verdict." *Allstate Ins. Co. v. Receivable Finance Co., L.L.C.*, 501 F.3d 398, 405 (5th Cir. 2007) (citing *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995)). A motion for judgment as a matter of law should be granted if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1); *see also Kaczkowski v. Dovan*, 2012 WL 6643284 (5th Cir. Dec. 21, 2012). Jury verdicts are afforded great deference, and "[a] post-judgment motion for judgment as a matter of law should only be granted when 'the facts and inferences point so strongly in favor of the movant that a rational jury could not reach a contrary verdict.'" *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 486 (5th Cir. 2004) (quoting *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996)).

  2. <u>Analysis</u>

With respect to Defendant's Rule 50 Motion raised at trial, the Court stated in part as follows:

> And again, I would refer back to the earlier ruling on the summary judgment which says that the covered employer under Title VII has the statutory obligation to make reasonable accommodations for the religious observances of its employees, short of incurring an undue hardship. . . . but I don't think we even reach that issue unless the plaintiff has satisfied her prima facie has, so I'm going to carry the motion with me.

Trial. Tr. [Rough], at pp. 126-27.

Defendant renews[3] its Motion for Judgment as a Matter of Law pursuant to

---

[3] Defendant moved for a Judgment as a Matter of Law at the close of Plaintiff's evidence. Trial Tr. [Rough], at pp. 92-93.

FED. R. CIV. P. 50(a), contending that the "evidence clearly showed that she refused to perform the daily devotion and assist a resident in reading the rosary without notifying any supervisory person that she objected to do so for a religious reading." Def.'s Mot. [79], at p. 2. Defendant also maintains that it is entitled to judgment as a matter of law since there was "proof that even if the Plaintiff had notified Woodland Village of a religious objection there was no reasonable accommodation that could have been made without the employer incurring more than a *de minimus* cost." *Id*.

Plaintiff contends that she "has always presented a case for intentional discrimination, proving that [she] was fired, in part, based upon her religion and that she demonstrated, both through direct evidence and indirect evidence, that her religion was a motivating factor in the reason for termination, that she was discriminated against, in violation of Title VII, based on her religious beliefs." Resp. to Mot. [85], at p. 3.

In applying the Rule 50 standard at trial, the Court stated in part as follows:

> I think the evidence is more than sufficient to support a jury finding that Ms. Nobach's beliefs were sincerely held and, in her view, religious, and so I certainly think there's a jury question on that issue. I think there's certainly evidence to support the jury finding that this religious belief of hers conflicted with an employment requirement, the requirement being to pray the Rosary.

Trial Tr. [Rough], at p. 38.

"It is well-settled in this circuit that a motion for JMOL filed post verdict cannot assert a ground that was not included in the motion for JMOL made at the

close of the evidence." *Smith v. Louisville Ladder Co.*, 237 F.3d 515, 525 (5th Cir. 2001) (internal citations omitted). In this case, Defendant advanced a motion for judgment as a matter of law pre-verdict, thus preserving the right to file a renewed post-verdict Rule 50(b) motion regarding the sufficiency of evidence. *See* FED. R. CIV. P. 50 Advisory Committee Notes (stating in relevant part that "[b]ecause the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion. The earlier motion informs the opposing party of the challenge to the sufficiency of the evidence and affords a clear opportunity to provide additional evidence that may be available."); *see also Flowers v. Southern Reg'l Physician Servs. Inc.*, 247 F.3d 229, 238 (5th Cir. 2001); *Smith*, 237 F.3d at 525.

At trial the jury heard testimony from Plaintiff as well as several of Defendant's employees which discussed the basis and reasons for Plaintiff's termination. Specifically, the jury heard the following testimony from Ms. Lorrie Norris regarding the meeting she attended with Plaintiff and Ms. Lynn Mulherin, Defendant's activities director, at which Plaintiff was terminated:

Q:  Tell me what you remember about the meeting.

A:  [MS. NORRIS] I remember that we - I went and got her and brought her into the office for the meeting, and Lynn gave her a piece of paper saying - about a write-up for insubordination and told her that she was going to be terminated. And I remember that Kelsey was - she said it's against her religion and she felt that she had the right to decline saying the Rosary.

* * *

> Q: Did Ms. Mulherin tell Kelsey what she considered to be insubordinate?
>
> A: [MS. NORRIS] Saying she would not read the Rosary was considered insubordination.
>
> Q: You said that Ms. Nobach told Ms. Mulherin that it was against her religion? . . . What did she respond?
>
> A: [MS. NORRIS] That she didn't care, that she was going to fire her anyway.
>
> Q: That she didn't care about what?
>
> A: [MS. NORRIS] That it was against her religion.

Trial Transcript Excerpts, att. as Ex. "2" to Def.'s Mot. [79-2], at pp. 1-2.

The jury also heard the following testimony from Plaintiff:

> Q: In this instance we're talking about a write-up for failure to do what was on the activities schedule that a resident requested and that was not performed, correct?
>
> A: [PLAINTIFF] I made it clear to another employee. The employee asked me to perform the activity, not the resident. I made it clear to the employee that I could not perform that activity because it was against my religion, because I am not Catholic, and that if she would - if she would like to perform that activity with the resident, she was more than welcome to.

Trial Transcript Excerpts, att. as Ex. "1" to Def.'s Mot. [79-1], at p. 1.

Examining the record as a whole, the evidence before the jury was sufficient to support the jury's findings on Plaintiff's claims and this Court will not disturb those findings. The Court has considered Defendant's arguments in support of its Rule 50 Motion, and is of the opinion that sufficient evidence was presented during the trial to support the jury's verdict. Defendant's request for judgment as a matter

of law should be denied.

### III. CONCLUSION

The Court is of the opinion that the jury's verdict in this case is not wholly inconsistent with reasonable deliberation on the evidence of record. Based on the foregoing, Defendant has not shown that the verdict was unsupported by, or against the great weight of, the evidence in this case. Nor has Defendant shown sufficient evidence of bias, passion, and prejudice on the part of the jury which would require entry of a judgment as a matter of law or a new trial. Defendant's request for a judgment as a matter of law or, in the alternative, for a new trial should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion for Judgment for as a Matter of Law, or, in the Alterative, for a New Trial [79], filed November 6, 2012, by Defendant Woodland Village Nursing Center, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 15th day of May, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE