IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KELSEY NOBACH**                                                                **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 1:11CV346-HSO-RHW**

**WOODLAND VILLAGE NURSING**
**HOME CENTER, INC.**                                                         **DEFENDANT**

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTIONS FOR ATTORNEYS' FEES**

This cause comes before the Court upon Plaintiff's Motion for Attorneys' Fees [76] filed by LoCoCo & LoCoCo on October 24, 2012, and Plaintiff's Motion for Attorneys' Fees [78] filed by Baker & Brewer on October 25, 2012. Defendant has filed Responses [82, 83] and Plaintiff a Reply [84]. The Court, having considered the pleadings on file, the briefs and arguments of counsel, and relevant legal authorities, finds that Plaintiff's Motions should be granted in part and denied in part to award Plaintiff attorneys' fees in the total amount of $53,505.00.

I. BACKGROUND

This dispute stems from Plaintiff Kelsey Nobach's ["Plaintiff"] termination from employment by Woodland Village Nursing Center, Inc. ["Defendant"]. Plaintiff filed her Complaint in this Court on September 16, 2011, asserting that, while employed by Woodland Village as an activity aid, she was discriminated against on the basis of her religion in violation of Title VII, 42 U.S.C. § 2000e, *et seq*. Compl. [1] at p. 6.

Plaintiff's claims were tried before the Court and a jury beginning on

October 9, 2012, and concluding on October 10, 2012. The jury returned a verdict in favor of Plaintiff, finding that Defendant terminated her because of her religious beliefs or practices. Special Verdict Form [71], at p. 1. The Court entered Final Judgment [75] on October 11, 2012, awarding Plaintiff damages in the total amount of $69,584.00. Plaintiff, by and through LoCoco & LoCoco, P.A. filed a Motion for Attorneys' Fees [76] on October 24, 2012.[1] In addition, Plaintiff, by and through Baker & Brewer, PLLC filed a Motion for Attorneys' Fees [78] on October 25, 2012. Plaintiff, as the "prevailing party," moves the Court to award her legal fees incurred in connection with the above captioned cause.

## II. DISCUSSION

A.  Legal Standard

In Title VII actions, the Court in its discretion, "may allow the prevailing party . . . a reasonable attorney's fee . . . ." 42 U.S.C. § 2000e-5(k); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). In determining whether a fee award is reasonable, courts employ the "lodestar" method, which is a two step procedure delineated by the United States Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The lodestar is presumptively reasonable, *Smith & Fuller, PA v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (quoting *Heidtman v. County of El Paso,* 171 F.3d 1038, 1044 (5th Cir. 1999)), and should be modified only in exceptional cases, *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).

---

[1]Plaintiff was represented by Danielle Brewer who, at the onset of this litigation, was employed by LoCoco & LoCoco. By the time of trial, Ms. Brewer, together with Ian Baker, had formed the firm of Baker & Brewer, PLLC.

The first step of this method requires the Court to calculate the "lodestar," which is equal to the number of hours reasonably expended on the litigation multiplied by the reasonable hourly rate for the participating lawyers. The resulting figure provides an objective basis upon which to make an initial assessment of the value of a lawyer's services. *Hensley*, 461 U.S. at 434. Plaintiff bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Id.* at 436. The Court should exclude from this initial fee calculation hours which were not "reasonably expended." *Id.* at 434. The Supreme Court has explained that:

> [c]ases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Id.*, at 434.

Once the lodestar figure is determined, the Court can accept it or adjust it upwards or downwards based upon the twelve factors announced in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of

the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3 (1983) (citing *Johnson*, 488 F.2d at 717–19).

The Supreme Court has cautioned that the lodestar method yields a fee that is presumptively sufficient to achieve the objective of providing a reasonable fee, and the presumption is a "strong one." *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673 (2010). Many of the *Johnson* "factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensely*, 461 U.S. at 434 n.9. The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley,* 461 U.S. at 433; *Louisiana Power & Light Co. v. Kellstrom,* 50 F.3d 319, 329 (5th Cir. 1995).

Here, Plaintiff bears the burden of demonstrating the reasonableness of the amount of her attorneys' fees, including any adjustments or enhancements. *Blum v. Stenson*, 465 U.S. 886, 901–02 (1984). To obtain an enhancement, Plaintiff must produce "specific evidence" which supports the award. *Perdue*, 130 S. Ct. at 1673. "The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar amount already took that factor into account; to do so would be impermissible double counting." *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 800 (5th Cir. 2006).

B.     <u>Analysis</u>

1. Attorneys' Fees Incurred by LoCoco & LoCoco

Plaintiff, through LoCoCo & LoCoco, requests $7,245.00 in legal fees incurred by Danielle Brewer while she was employed as an associate with that firm. Mot. [76], at p. 2. In support of this Motion, Plaintiff has tendered her Contract of Employment with the firm. Employment Contract, att. as Ex. "1" to Pl.'s Mot. [76] at p. 1. An Affidavit executed by Ms. Brewer states that she entered into the Employment Contract with Plaintiff for payment of attorneys' fees at a rate of $225.00 per hour. Affidavit of Danielle Brewer, att. as Ex. "3" to Pl.'s Mot. [76] at p. 1. Plaintiff has also tendered time sheets prepared by her counsel. Itemized Time Sheets, att. as Ex. "2" to Pl.'s Mot. [76] at pp. 5-7.

Defendant responds that Plaintiff's requested fee award is based upon an excessive hourly rate, is unreasonable, and that certain of Plaintiff's expenses within the claimed amount were unnecessary. Resp. [83], at pp. 2-3. Alternatively, Defendant maintains that under the facts of this case, the attorneys' fee requested by LoCoCo and LoCoCo is excessive and unreasonable. *Id.* at pp. 1-2. Defendant maintains that the requested hourly rate of $225.00 is excessive and outside the general range of allowable fees in similar cases. *Id.* at p. 1. Defendant challenges the hours expended, arguing that certain hours were unnecessary and/or duplicative. *Id.* at 2.

The record submitted in connection with this Motion demonstrates that from October 16, 2009, through July 22, 2011, Ms. Brewer expended a total of 32.2 hours while at LoCoco & LoCoco in connection with her representation of Plaintiff. Ms.

Brewer's Affidavit avers that the standard rate charged in this matter was $225.00 per hour. *See* Ex. "C" to Pl.'s Mot. [76].

Having considered the record as whole in light of the foregoing authorities, the Court concludes that these figures are reasonable under the circumstances of this case. The Court is further of the opinion that the amount of attorneys' fees incurred, $7,245.00, is reasonable based upon the nature of this case. The Court finds no basis in the record for reducing or enhancing the lodestar; therefore Plaintiff, by and through LoCoco & LoCoco, should be awarded attorneys' fees in the amount of $7,425.00.

2. <u>Attorneys' Fees Incurred by Baker & Brewer</u>

Plaintiff, through Baker & Brewer, requests $51,400.00 in legal fees. Mot. [78], at p. 5. In support of this Motion, Plaintiff has tendered a Verification of her attorneys, Danielle Brewer and Ian Baker, detailing the costs, expenses, and fees incurred. Affidavit of Danielle Brewer, att. as Ex. "A" to Pl.'s Mot. [78]; Affidavit of Ian Baker, att. as Ex. "C" to Pl.'s Mot. [78]. Plaintiff has also submitted her attorneys' time sheets. Itemized Time Sheets, att. as Ex. "B" and "D" to Pl.'s Mot. [78]. Counsel assert in their affidavits that the rates charged are customary in this area for the same or similar services provided by attorneys with similar experience, reputation, and ability.

Once again Defendant responds that Plaintiff's requested fee award is unreasonable, and that certain of Plaintiff's expenses are unreasonable and

unnecessary.  Resp. [83], at pp. 1-3.   Specifically, Defendant takes issue with the potential duplication of efforts by both of Plaintiff's attorneys:

> [i]n the instant matter, duplication of effort is apparent in the time records submitted by Danielle Brewer and Ian Baker. Nearly all of the entries by Mr. Baker are for review or assisting in the preparation for Ms. Brewer. In addition, both lawyers charged full rate for time spent in conferences and in the courtroom. The time submitted must be edited for duplication of effort.

*Id.* at p. 2.

"Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002).  The relevant legal community is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).  The burden of demonstrating the hourly rate lies with the party seeking attorneys' fees. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). "Generally the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368.

In the present case, Plaintiff has not provided affidavits from other attorneys regarding the reasonableness of their requested $250.00 hourly rate, and they have not provided information concerning their attorneys' respective levels of expertise and experience.  However, the Court is familiar with Baker and Brewer, as well as the reasonable rate for similar services in this community based on other recent cases in which attorneys' fees were sought.  The Court finds that a reasonable rate for Baker and Brewer would be $225.00 per hour, the rate Ms. Brewer set forth in

the Employment Contract for representing Plaintiff while she was at the LoCoco & LoCoco firm.

As for Defendant's allegations regarding duplication of effort, the docket reflects that during the period from August 2011 through October 2012, Plaintiff's counsel was required to conduct discovery, to defend the case against various dispositive motions, and to carry the case through a jury trial. During her time at both LoCoco & LoCoCo and Baker & Brewer firms, Ms. Brewer spent a total of 165.0 hours prosecuting this case, and Mr. Baker spent 40.6. The Court has reviewed the time sheets submitted by counsel and finds that their work was reasonable, necessary, and well-documented.

The hours incurred were reasonable under the circumstances of this case. At the hourly rate of $225.00, the Court finds that the lodestar fee applicable to Ms. Brewer is $37,125.00, and the lodestar fee applicable to Mr. Baker is $9,135.00. Therefore, the Court is of the opinion that based on the record the total amount of attorneys' fees incurred by Baker & Brewer, $46,260.00, as adjusted to reflect a $225.00 hourly rate, was reasonable based upon the nature of this case. The Court sees no reason to adjust the lodestar.

### III. CONCLUSION

Based upon the foregoing, the Court will grant in part and deny in part Plaintiff's Motions for Attorney's Fees [76, 78]. Because the Court finds no basis for reducing or enhancing the lodestar, Plaintiff, by and through LoCoco & LoCoco will be awarded attorneys' fees in the total amount of $7,245.00. Similarly, Plaintiff, by

and through Baker & Brewer will be awarded attorneys' fees in the total amount of $46,260.00, as adjusted to reflect a $225.00 hourly rate pursuant to 42 U.S.C. § 2000e-5(k).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion for Attorney's Fees [76] filed by LoCoCo & LoCoCo on October 24, 2012, is **GRANTED**. Defendant Woodland Village Nursing Center, Inc. is **ORDERED** to remit in attorney's fees, the sum of $7,245.00, payable to Plaintiff, by and through LoCoCo & LoCoCo, within 30 days of the date of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons stated herein, the Motion for Attorney's Fees [76] filed by Baker & Brewer, PLLC, on October 25, 2012, is **GRANTED IN PART AND DENIED IN PART.** Defendant Woodland Village Nursing Center, Inc., is **ORDERED** to remit in attorneys' fees, the sum of $46,260.00, payable to Plaintiff, by and through Baker & Brewer, within 30 days of the date of this Order.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff is awarded post-judgment interest at the statutory rate as prescribed by 28 U.S.C. § 1961, using October 11, 2012, as the date of judgment.

**SO ORDERED AND ADJUDGED,** this the 15th day of May, 2013.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE